# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY KANE CAMPBELL,<br><br>            Plaintiff,<br><br>      v.<br><br>BACA,<br><br>            Defendant.<br>_____/ | CASE NO.   1:12-CV-00151-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM; CLERK TO CLOSE THE CASE; DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>(ECF NO. 1)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

## I.   PROCEDURAL HISTORY

On February 1, 2012, Plaintiff Wesley Kane Campbell, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's Complaint is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

-1-

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

While factual allegations are accepted as true, legal conclusion are not. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Iqbal, 129 S.Ct at 1948–49.

### III. SUMMARY OF COMPLAINT

Plaintiff is currently housed at the Los Angeles County Central Jail. (Compl., p.1, 8, ECF No. 1.)

Plaintiff names as Defendant Lee Baca, Los Angeles County Sheriff. (Compl. at 1.) The allegations in Plaintiff's Complaint are mostly unintelligible, but he appears to complain that:

He was in a cell "for 4 days 4 nights not mat no [ ] no blanket no breakfast no lunch no dinner [and required to use contaminated] water to take ... meds"; (Id. at 3.)

He was fed contaminated "T.V. Dinners for 4 days in a row ...."; (Id.)

He was " [D]roped kicked [while in waist chains] then [chained] ... to the tray slot for 45 minutes"; (Id.)

He was fed contaminated cookies; (Id.)

He has a "Case # SA032145 ... [where he] was willing to be a confidential inform[ant] [and that] in June 2011 [he] informed [the Sheriff's Office that his] life was in danger"; (Id.

at 4);

He was "sucker punched" and given "a fake name [he] used to California Highway Unit"; (Id.)

"Lee Baca keeps making at[t]empt after at[t]empt to get [him] killed dead ... to murder [him]", relating to "child m[o]lester murder fake crimes"; (Id. at 6-7)

There is a "murder conspiracy 24/7 [against him]; I'm get murder [ ] every day of the week I'm told [I'll be getting] murdered out right dead over ...." (Id.)

The relief he desires is that "[his] record [be] cleaned up all the complaints in the [ ] punch in [Plaintiff] it reads like a skroll plus 15 mill[i]on dollars in cash money ...."

## IV.    ANALYSIS

The named Defendant apparently is a Los Angeles area resident. The events underlying the case appear to have arisen in Los Angeles. A district court, having subject matter jurisdiction, in which is filed a case laying venue in the wrong division or district shall dismiss, or transfer the case, in the interests of justice. 28 U.S.C. § 1406. "Dismissal, rather than transfer, may be appropriate where ... the plaintiff's action is frivolous; or where the transfer would be futile because the case would be dismissed even after transfer." Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah WL 691851 *5 (March 12, 2008). The Court has jurisdiction to dismiss this case.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

The Court finds Plaintiff's Complaint to be frivolous. Plaintiff's allegations are improbable and without factual or legal basis for relief.

A claim is factually frivolous if its allegations are bizarre, irrational or incredible. Edwards v. Snyder 478 F.3d 827, 829-830 (7th Cir. 2007); see Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002) ("Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim. Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so ... 'delusional' ... that they're unbelievable ...."); see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous if it is "clearly baseless"); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.") If the Plaintiff's action is frivolous, then the Court has the discretion to dismiss where the deficiencies cannot be cured by amendment. Broughton v. Cutter Laboratories 622 F.2d 458, 460 (1980) (citing Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979)). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff's claim that he is the victim of a murder conspiracy relating to his status as a confidential informant, falsely accused of fake crimes relating to child molesting and murder, given a fake name, and contaminated food and water, are patently incredible and unbelievable. The relief he seeks is unintelligible. The Plaintiff's Complaint is frivolous under 1915A (b) (1), and devoid of factual support or arguable question of law. See Neitzke, 490 U.S. at 327-328. The Complaint lacks even "an arguable basis either in law or in fact," and appears "fanciful," "fantastic," or "delusional." Neitzke, 490 U.S. at 325, 328.

Moreover, the Complaint fails to allege facts demonstrating deprivation of a constitutional right. Plaintiff suggests certain protected rights under the Eighth Amendment, but his allegations in relation thereto are frivolous and fail to state any cognizable claim.

Although the Court generally allows plaintiffs the opportunity to amend pleadings to address deficiencies noted by the Court during screening, amendment here would be futile for the reasons stated above. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996)) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. March 18, 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996)).

## V.     RECOMMENDATION

Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be dismissed,

without leave to amend, as frivolous and for failure to state a claim upon which relief could be granted, with the Clerk to close the case and the dismissal subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).[1]

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Findings and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 14, 2012            /s/ *Michael J. Seng*
ci4d6                          UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissal to be without prejudice to any subsequent action by Plaintiff against Defendant named herein, upon a cognizable Section 1983 claim.